

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

REGINALD HARDY, )
)
Petitioner, )
)
v. ) Civil Action No. 3:09CV183-HEH
)
TERRY O'BRIEN, )
)
Respondent. )

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2254 Petition)

Petitioner brings this petition for a writ of habeas corpus challenging his convictions in the Circuit Court for the City of Richmond ("Circuit Court"). Respondent has moved to dismiss on the grounds that, *inter alia*, the petition is barred by the relevant statute of limitations. Petitioner has responded. The matter is ripe for disposition.

## I. PROCEDURAL HISTORY

Following a jury trial in the Circuit Court, Petitioner was convicted of rape, maiming, two counts of abduction, and three counts of use of a firearm during the commission of a felony. Petitioner unsuccessfully appealed his convictions to the Court of Appeals of Virginia and the Supreme Court of Virginia. On September 5, 2006, the Supreme Court of Virginia refused Petitioner's petition for appeal.

On September 4, 2007, Petitioner filed a petition for a writ of habeas corpus with the Circuit Court. On April 2, 2008, the Circuit Court denied Petitioner's petition for a writ of habeas corpus. On or about April 11, 2008, Petitioner submitted a motion for

reconsideration. On May 8, 2008, the Circuit Court denied Petitioner's motion for reconsideration. On May 19, 2008, Petitioner filed a notice of appeal with the Circuit Court regarding the denial of his motion for reconsideration.[1]

On or about August 6, 2008, Petitioner sent a motion to the Supreme Court of Virginia requesting that counsel be appointed. On August 12, 2008, the Supreme Court of Virginia informed Petitioner:

> This will acknowledge receipt of the motion for appointment of counsel that you filed in connection with the above case. The Circuit Court of the City of Richmond dismissed your habeas corpus petition on April 2, 2008. You had 30 days from that date to file your notice of appeal in the trial court, and three months from that date to file your petition for appeal in this Court. You filed your notice of appeal late and you have missed the deadline for filing your petition for appeal. Moreover, the greatest extension of time that this Court could have granted you would have been 30 days after the expiration of the three-month deadline. In light of this, please confirm whether you wish to pursue your motion [for appointment of counsel] in this Court.
>
> For your information, I am enclosing copies of Rules 5:5 (which addresses motions for extension of time) and 5:17 (which addresses petitions for appeal).

(Mem. of Law in Supp. of § 2254 Attach.)[2] On September 3, 2008, the Supreme Court of

---

[1] Petitioner contends that on April 11, 2008, he filed a notice of appeal with the Circuit Court, but that the Circuit Court improperly construed the document to be a motion for reconsideration. (Mem. of Law in Supp. of § 2254, 7.) Petitioner is wrong. The April 11, 2008 document submitted to the Circuit Court was titled "RECONSIDERATION OF ORDER DATED APRIL 2, 2008," and did not mention that Petitioner wished to appeal. *Hardy v. Commonwealth*, No. CL07-4521 (Circuit Court Apr. 11, 2008 Mot.)

[2] Because Petitioner's institution was on lockdown from August 6, 2008 until August 25, 2008, Petitioner filed a simple letter requesting an extension of time. On August 26, 2008, Petitioner called the Supreme Court of Virginia to inquire as to whether the court had received his letter requesting an extension of time. According to Petitioner,

Virginia denied Petitioner's motion for appointment of counsel. (Petr.'s Answer to Respt.'s Mot. to Dismiss Attach.) By letter dated October 3, 2008, the Clerk of the Supreme Court of Virginia returned the record in Petitioner's case to the Circuit Court because no petition for appeal had been filed. (Petr.'s Answer to Respt.'s Mot. to Dismiss Attach.) Petitioner received a copy of this letter.

On March 23, 2009, Petitioner executed his federal petition for writ of habeas corpus and apparently delivered the same to the prison officials for mailing. For purposes of the present motion, the federal petition will be deemed filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

## II. LIMITATIONS PERIOD FOR FEDERAL HABEAS RELIEF

Petitioner's petition for a writ of habeas corpus is subject to a one-year statute of limitations. Specifically, the pertinent statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by

---

he was informed by a clerk with that court that Petitioner would be informed as to whether his letter was received. (Petr.'s Ans. to Respt.'s Mot. to Dismiss 3.) Despite these assurances, Petitioner alleges that he was never informed as to whether the Supreme Court of Virginia had received his motion for an extension of time.

3

the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. ANALYSIS

Petitioner's conviction became final, as that term is defined in 28 U.S.C. § 2244(d)(1)(A), on December 5, 2006, the last date to pursue a petition for a writ of certiorari to the Supreme Court of the United States. *See Clay v. United States*, 537 U.S. 522, 527 (2003). The limitation period ran for 272 days until Petitioner filed his petition for a writ of habeas corpus with the Circuit Court. *See* 28 U.S.C. § 2244(d)(2). Even if one were to assume the limitation period remained tolled pursuant 28 U.S.C. § 2244(d)(2) until October 3, 2008, when the Supreme Court of Virginia ceased to process Petitioner's procedurally defective collateral appeal, the present § 2254 was still filed late.[3] Under that generous assumption, Petitioner had 93 days from October 3, 2008, to file his federal petition for a writ of habeas corpus. Nevertheless, Petitioner waited 171 days, until

---

[3] It is extremely doubtful that Petitioner is entitled to tolling of the statute of limitations for the period after the Circuit Court dismissed his habeas petition. *See Rodgers v. Angelone*, 113 F. Supp. 2d 922, 929-30 (E.D. Va. 2000). The Court has engaged in this assumption merely to avoid a prolonged and unnecessary discussion of Petitioner's excuses for never filing a petition for appeal with the Supreme Court of Virginia.

4

March 23, 2009, to file his § 2254 petition. Hence, the current petition is barred by the statute of limitations unless Petitioner demonstrates that he is entitled to equitable tolling.

Equitable tolling is "reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). To be entitled to equitable tolling, a petitioner "must show '(1) that he has been pursuing his rights diligently," *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)), and "'[2] extraordinary circumstances, [3] beyond his control or external to his own conduct, [4] that prevented him from filing on time.'" *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (quoting *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003)).

Petitioner contends that he is entitled to equitable tolling because he did not have access to his legal papers from December 13, 2006 until March of 2007. Petitioner fails to demonstrate, as he must, that the temporary lack of access to his legal papers prevented him from complying with the statute of limitations. *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000). "The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Id.* (citing *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990); *Fisher v. Johnson,* 174 F.3d 710, 716 (5th Cir. 1999)). Here, Petitioner waited

5

approximately six months after the conclusion of state habeas proceedings prior to filing his federal habeas petition. Petitioner's languid pursuit of his claims after learning that his state habeas proceedings were concluded precludes a finding of diligence. *See Pace*, 544 U.S. at 419 (concluding petitioner did not demonstrate due diligence where he sat "on his rights for years *before* he filed his [state request for habeas relief], but he also sat on them for five more months *after* his [state collateral] proceedings became final before deciding to seek relief in federal court"); *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (refusing to equitably toll limitation period where petitioner waited four months after learning of state decision before filing § 2254 petition); *Simmons v. Johnson*, No. 98-21054, 2000 WL 293959, at *1 (5th Cir. Feb. 17, 2000) (concluding that equitable tolling was not warranted where petitioner waited more than one month after receiving notice of the denial of state post conviction relief to file his § 2254 petition). Accordingly, Petitioner is not entitled equitable tolling.[4]

The motion to dismiss will be granted. The petition for a writ of habeas corpus will be denied. The action will be dismissed.

---

[4] The Court notes that because they are a routine part of prison life, "lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate." *Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004) (citing *Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000)); *see also Allen v. Johnson*, 602 F. Supp. 2d 724, 728-29 (E.D. Va. 2009) ("As a prisoner, petitioner is aware of . . . restrictions on prison life [such as lockdowns and transfers], and should be expected to consider such factors when deciding to file his habeas petition.").

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). For the reasons stated above, Petitioner is not entitled to further consideration in this matter. A certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: March 2, 2010
Richmond, Virginia